UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TED ADDISON                                          CIVIL ACTION

VERSUS                                               NO: 10-636

LOUISIANA STATE ET AL.                               SECTION: J(2)

**ORDER AND REASONS**

Before the Court are Petitioner Ted Addison's **Petition for Writ of Mandamus and Emergency Application for Writ of Habeas Corpus** and supporting memoranda **(Rec. Docs. 3, 4, 5, 14, 16, and 17)** and the State of Louisiana's **Opposition (Rec. Doc. 15)**.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

On November 15, 1999, the State of Louisiana filed a bill of information charging Petitioner with the violation of La. R.S. 14:64 (armed robbery). On November 18, 1999, Petitioner pled not guilty. On June 26, 2000, Petitioner was found guilty as charged by the trial court, following a judge trial. Petitioner filed motions for post-verdict judgment of acquittal and new trial, which were denied on August 7, 2000. On August 9, 2000, Petitioner was sentenced to a ten-year term of imprisonment at hard labor.

The State filed an habitual-offender bill of information alleging Petitioner to be a second-felony offender. Petitioner filed a motion to amend sentence pursuant to La. C.Cr.P. art. 881.

1

An agreement between the parties resulted in the State's withdrawal of the multiple bill and Petitioner's motion being granted. This resulted in a new sentence of twenty (20) years in the custody of the Department of Corrections without benefit of probation, parole, or suspension of sentence being imposed. Petitioner appealed. The state courts affirmed Petitioner's conviction and sentence. State v. Addison, 00-1730 (La.App. 5 Cir. 5-16-01), 788 So.2d 608, writ denied 01-1660 (La. 4-26-02), 814 So.2d 549. Petitioner filed numerous applications and writs in state court. See State ex rel Addison v. State, 03-3290 (La. 11-24-04), 888 So.2d 222; State ex rel Addison v. State, 06-1090 (La. 11-3-06), 940 So.2d 661; Addison v. State, 06-2407 (La. 9-14-07), 963 So.2d 387; State ex rel Addison v. State, 06-2677 (La. 9-14-07), 963 So.2d 388; State ex rel Addison v. State, 09-1112 (La. 9-18-09), 17 So.3d 396; State v. Addison, 09-324 (La. 2-13-09), 1 So.3d 462; State v. Addison, 08-1249 (La. 10-31-08), 993 So.2d 1190.

Petitioner has previously sought federal habeas corpus relief. On March 28, 2005, Judge Lemmon dismissed Petitioner's application for writ of habeas corpus with prejudice. Addison v. Cain, 03-2728. A certificate of appealability was denied on April 25, 2005. The Fifth Circuit Court of Appeals also denied a certificate of appealability on July 6, 2006. Addison v. Cain, 05-30429 (5th Cir. 2006).

**THE PARTIES' ARGUMENTS**

Petitioner contends that he is now being held illegally against his will with absolutely no route for relief afforded, after serving the full ten-year sentence imposed on August 9, 2000. He argues that he has already completed his sentence, that he has effectively been sentenced twice for the same crime, and that he should have been released on April 4, 2008.

Petitioner argues that his complaint to Louisiana Judiciary Commission on November 26, 2007 revealed a secret methodology that had been utilized by the Louisiana Fifth Circuit Court of Appeal for approximately fourteen years as part of what he described as a financial scheme. Next, Petitioner argues that the 24th Judicial District Court for the State of Louisiana was without jurisdiction on March 7, 2001 as (1) it was divested of jurisdiction by virtue of LSA C.Cr.P art. 916 upon granting appeal on August 15, 2000; (2) the current sentence is in direct contravention to the Louisiana Supreme Court's decision in State v. Stephens, 438 So.2d 203 (La. 1983) and the concurring opinion in State v. Batiste, 468 So.2d 26 (La. App. 5th Cir. 1985).

Further, relying on Evan v. Cain, 577 F.3d 620 (5th Cir. 2009), he argues that absence of jurisdiction in a convicting court is a just basis for federal habeas relief cognizable under the Due Process Clause as a Fourteenth Amendment violation–the result of which should be to void the sentence. Petitioner quotes several Louisiana Supreme Court cases to support his contention that the illegality of his current custody cannot reasonably be disputed.

Petitioner requests an evidentiary hearing to clarify the validity of certain alleged misrepresentations apparent on the face of the record–for example, he has never been represented by Attorney Jim Williams (who allegedly represented him at the hearing on his motion to amend sentence, which resulted in a twenty-year sentence). Further, Petitioner argues that his original sentence of ten years was never vacated, thus, is still legally in effect. Petitioner also points out that his filings are consistently "randomly" allocated to Judge Robert M. Murphy, although the court supposedly employs a random-allotment system. Petitioner avers that it is completely impossible for him to receive just consideration from the Louisiana court system.  Petitioner argues that this Petition is not successive, relying on In re Cain, 137 F.3d 234 (5th Cir. 1998).

The State responds by pointing out that Petitioner's first petition for habeas corpus was denied in 2005, and as such, the Court should deny this petition as successive under 28 U.S.C. § 2244(b).

The State further counters that Petitioner's application is untimely under the Antiterrorism and Effective Death Penalty Act, which imposes a one-year prescriptive period for state prisoners to seek federal habeas corpus relief. 28 U.S.C. § 2244(d). Because Petitioner's conviction has been final since 2002, the State argues that the Court should dismiss Petitioner's Petition as untimely.

Next, the State responds to Petitioner's argument that he is

4

being detained beyond the serving of his ten-year term of imprisonment. Under the State's view, Petitioner is serving the properly imposed sentence of twenty years, which resulted from a plea bargain after Petitioner filed a motion to amend his sentence. Petitioner also argues that the court was without jurisdiction under state law to resentence him because the court had signed an order of appeal. The State acknowledges that La. C.Cr.P. art. 916 does provide that the trial court's jurisdiction is divested upon an order of appeal, but it argues that an exception applies–namely that a trial court could retain jurisdiction when a multiple bill is filed. The State points to the Louisiana Fifth Circuit Court of Appeal's June 28, 2010 decision, which adopted the State's rationale and held that the trial court did have jurisdiction to resentence the Petitioner because of the exception. Petitioner has appealed this decision to the Louisiana Supreme Court; his appeal is pending (docket number 10-KP-1787).

   The State points out that the state court of appeal and Judge Lemmon (in addressing Petitioner's previous application) do not address whether the sentencing court had jurisdiction to resentence the Petitioner. Under the State's view, this absence is evidence both that the claim is meritless and that Petitioner's failure to object results in his being procedurally barred from raising the argument now under La. C.Cr.P. art. 841.

   The State also addresses Petitioner's allegations of irregular state-court review of pro se habeas petitions. The State argues

that any defect alleged by the Petitioner has been cured. The Louisiana Supreme Court ordered the state appellate court to re-review petitioner's claim, <u>State v. Addison</u>, 08-1249, La. 10-10-08, 944 So.2d 1. The court of appeal then reconsidered Petitioner's application and denied relief on the merits. Petitioner's appeal with the Louisiana Supreme Court is pending. Although the State maintains that any procedural defect has been corrected, the State also advances the argument that Petitioner's claim is not one that can be addressed through 28 U.S.C. § 2254. The State explains that 28 U.S.C. § 2254 only allows federal courts to address violations of federal law, and that Petitioner alleges only a state-law violation based on Article 5 of the Louisiana Constitution.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act created a strict prohibition of successive habeas petitions. Specifically, the statute provides, "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a). Rule 9(b) further provides that a "second or successive petition may be dismissed if the judge finds that it fails to allege new or

different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ."

Previously, Petitioner challenged his conviction and filed a habeas corpus violation, alleging insufficiency of evidence and ineffective assistance of counsel. On March 28, 2005, Judge Lemmon dismissed that habeas application with prejudice. Addison v. Cain, 03-2728.

In his current Petition, Petitioner's chief challenge is a jurisdictional one–namely, that the trial court did not have the jurisdiction to resentence him to a term of twenty years. Petitioner did not raise this as a grounds for relief in his first habeas petition. In McCleskey v. Zant, the Supreme Court explained raising a new argument in a second habeas petition "constitutes an abuse of the writ unless the petitioner can demonstrate both 'cause' for his failure to assert the claim in an earlier petition and 'prejudice' if the court fails to consider the new claim." Rodriguez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997) (citing McClesky v. Zant, 499 U.S. 467, 493 (1991)).

In order to show cause, a petitioner must point to "some objective factor external to the defense," such as "active government interference or the reasonable unavailability of the factual or legal basis for the claim." Id. (internal citations

omitted). Petitioner cannot demonstrate cause here. In recommending that Petitioner's first habeas petition be dismissed, Magistrate Judge Chasez's Report and Recommendations, adopted by Judge Lemmon, provided an extremely detailed outline of the procedural history in Petitioner's case (Rec. Doc. 12 in 03-2728). Magistrate Chasez explained that after Petitioner was sentenced to a ten-year term of imprisonment, the State filed an habitual-offender bill of information alleging Petitioner to be a second-felony offender. She described the process whereby Petitioner filed a motion to amend sentence pursuant to La. C.Cr.P. art. 881 and the agreement between the parties which resulted in the State's withdrawal of the multiple bill and Petitioner's motion being granted. She reviewed the new twenty-year term of imprisonment in her recommendation.

Although Petitioner claims that he was unable to assert his jurisdictional challenge under his first ten-year term of imprisonment was complete, he is mistaken. Petitioner had all of the tools and knowledge to make a jurisdictional challenge in his first habeas petition, and accordingly, his current Petition fails to meet the test set forth in McCleskey v. Zant.

Petitioner's argument that In re Cain, 137 F.3d 234 (5th Cir. 1998) saves his claim is to no avail. The Fifth Circuit discussed the limits of In re Cain in Crone v. Cockrell, 324 F.3d 833, 837 (5th Cir. 2003):

> In In re Cain, this Court held that a habeas petition challenging a prison disciplinary proceeding filed after a habeas petition attacking the merits of the conviction was not a

"successive" petition. The petitioner in In re Cain sought relief from post-conviction and post-sentence administrative actions by the prison board which the petitioner contended stripped him of his good-time credits without due process of law. Although Crone's claim similarly attacks the administration of his sentence, rather than his conviction or sentence, this Court's decision in In re Cain also turned on the fact that the petitioner was stripped of his good-time credits after he had filed his earlier petition. As a result, the petitioner in In re Cain could not have brought his due process claims in conjunction with his earlier petition because those claims had not yet arisen. **In this case, however, Crone knew of all of the facts necessary to raise his jail time credit claim before he filed his initial federal petition.**

(emphasis added). Similarly, Petitioner was aware of the facts necessary to challenge the trial court's jurisdiction in 2000, well before he filed his first habeas corpus petition. Petitioner's failure to bring his jurisdictional argument at the time he filed his first habeas corpus petition renders his instant application an abuse of the writ, and accordingly, this Court dismisses his Petition as successive.[1]

**IT IS ORDERED** that the Petitioner's **Petition for Writ of Habeas Corpus (Rec. Doc. 3)** is hereby **DENIED WITH PREJUDICE.**

New Orleans, Louisiana, this 29th day of March, 2011.

---

[1] This Court will not address Petitioner's now-moot attack on the State's Fifth Circuit review procedures, which have been remedied as of the Louisiana Supreme Court's Order directing the state appellate court to re-review Petitioner's claim. State v. Addison, 08-1249 (La. 10-10-08), 944 So.2d 1, reh. denied (La. 10-31-08), 993 So.2d 1190. The state appellate court granted reconsideration and denied relief. Addison v. State, 09-919 c/w 08-WR-1142 c/w 08-688. Review of that ruling is pending at the supreme court.

_____
**Carl J. Barbier**
**United States District Court**